**E. Lisk WYCKOFF, Jr.,**
**Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 2008–5139.

United States Court of Appeals,
Federal Circuit.

June 3, 2009.

Thomas E. Redding, Redding & Associates, P.C., Houston, TX, for Plaintiff–Appellant.

Bart Duncan Jeffress, Department of Justice, Washington, DC, for Defendant–Appellee.

Before NEWMAN, RADER, and SCHALL, Circuit Judges.

ON MOTION

NEWMAN, Circuit Judge.

*ORDER*

The United States moves to dismiss E. Lisk Wyckoff, Jr.'s appeal as premature. Wyckoff does not oppose.

Wyckoff filed a complaint in the United States Court of Federal Claims seeking a refund of federal income taxes paid in connection with his investments in a group of tax-shelter partnerships. This complaint was one of several related com-

plaints filed in the Court of Federal Claims seeking such relief. The trial court stayed this case pending its decision in *Prati v. United States,* 81 Fed.Cl. 422 (2008), believing that the decision in *Prati* would control the outcome of the other cases. In *Prati,* the Court of Federal Claims dismissed the case, determining that it lacked jurisdiction over the alleged claims. Accordingly, the Court of Federal Claims also dismissed the other pending cases. On reconsideration, the Court of Federal Claims vacated its judgment in the present case, finding case-specific claims that were not resolved by *Prati.* Wyckoff appealed to this court.

The court's jurisdiction over appeals from decisions of the Court of Federal Claims is governed by 28 U.S.C. § 1295(a)(3). Section 1295(a)(3) provides that the court has jurisdiction over "an appeal from a *final* decision of the United States Court of Federal Claims" (emphasis added). "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945); *see also Ultra–Precision Mfg. Ltd. v. Ford Motor Co.,* 338 F.3d 1353, 1356–57 (Fed.Cir.2003) ("[a] district court's judgment is final where it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" (citation omitted)). Wyckoff does not disagree that his appeal is premature. Because the Court of Federal Claims vacated its judgment and has not concluded its proceedings, there is no final judgment. Wyckoff may, of course, file a notice of appeal after the trial court concludes its proceedings and enters final judgment, if appropriate.

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion to dismiss is granted.

(2) Each side shall bear its own costs.